## MUSICK V. STATE.

1. LIQUORS: *Sale of brandy cherries.*
   A conviction of selling liquor without a license, is sustained by proof that the defendant sold brandy cherries in pint and quart bottles containing one-half their capacity of intoxicating liquors.

2. SAME: *Same.*
   Where intoxicating liquor is sold intentionally, without a license, in bottles partly filled with brandy cherries, the sale cannot be excused by showing that the vendor believed he had the right to sell it as " brandy fruit."

APPEAL from *Mississippi* Circuit Court.

J. E. RIDDICK, Judge.

*H. M. McVcigh*, for appellant.

No license is necessary to sell fruits preserved in brandy. 39 Ark., 204. Appellant sold them openly as he did other merchandise; he resorted to no trick or device to evade the law, and the fact that men *could* get drunk from drinking

*enough* of the liquor, or that he had U. S. license, did not make him guilty of selling liquor.   43 Ark., 95.

*Dan. W. Jones*, Attorney General, for appellee.

The evidence is that the liquor was intoxicating and was sold as a beverage.   He had U. S. license, thereby recognizing the fact that he was engaged in a business prohibited by law.

*Rabe v. State*, 39 Ark., not applicable.   Appellant was simply selling liquor with cherries in it to evade the law.

COCKRILL, C. J.

The appellant was convicted of selling liquor without a license.   He made no specific objection to the charge of the court at the trial and urges none here.   His contention is that the verdict is not sustained by the evidence.   The proof was that he sold brandy cherries, and the case of *Rabe v. State*, 39 Ark., 204, is relied upon to reverse the judgment.

1. Sale of brandy cherries.   Rabe's case is only to the effect that it is not a violation of the law to sell fruit preserved by the use of brandy.   The proof in the case in hand is to the effect that the defendant was engaged in business as a merchant; that knowing, as he stated to one of the witnesses, that customers would come to trade where they could get something to drink, he kept a stock of brandy cherries in pint and quart bottles, which he offered openly for sale, furnishing glasses to the purchasers when they desired to drink the liquor on the premises.   The bottles were filled with fruit, but contained nevertheless one-half their capacity of liquor, which the proof clearly shows was intoxicating.   The defendant himself testified that the use of it sometimes made his customers "boozy," which the jury doubtless understood to mean the incipient stage of drunk-

enness, and he would refuse to sell, he said, to persons in that condition. Having a fear of incurring the heavier penalties imposed by the act of congress, or, as he expressed it on the witness stand, in order that he might not be "put to any trouble in the Federal court," he procured a United States revenue license.

He testified that he thought he had the right to sell brandy [2. Same.] fruit. He was not prosecuted for selling brandy fruit, but brandy; and in at least one of the sales put in evidence, he sold the liquor and retained the fruit, setting the bottle containing it back upon the shelf. But it is not necessary to resort to this sale to sustain the conviction. When, not mistaking the fact, one intentionally makes a sale that is prohibited by statute, he violates the law—it being no excuse for him that he deemed what he does to be right. Bish. St. Cr., sec. 1023; I Bish. Cr. L., sec. 345; *Beard v. State*, 43 Ark., 284; *U. S. v. Jackson*, 25 Fed. Rep., 550; *Reynolds v. U. S.*, 98 U. S., 167. The jury would have failed in their duty, had they returned any other verdict.

Let the judgment be affirmed.